UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 1:11-cv-00591-EJL |
|---|---|
| Plaintiff/Respondent, | 1:08-cr-00065-EJL |
| v. | |
| RAMIRO TONY FLORES, | **MEMORANDUM DECISION AND ORDER** |
| Defendant/Movant. | |

# INTRODUCTION

Pending before the Court is Ramiro Tony Flores' ("Flores") Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1). Having reviewed the Motion as well as the Response (Civ. Dkt. 4), Reply (Civ. Dkt. 5), and the underlying criminal record, the Court enters the following Order denying the Motion.

# PROCEDURAL BACKGROUND

On April 9, 2008, Flores was charged along with two co-Defendants with one count of conspiracy to distribute methamphetamine (Count One), six counts of distribution of methamphetamine (Counts Two through Seven), use of a communication facility in connection with the conspiracy offense (Counts Nine through Fourteen),

**MEMORANDUM DECISION AND ORDER - 1**

conspiracy to launder money (Count Fifteen), and drug forfeiture (Count Sixteen), and money laundering forfeiture (Count Seventeen). *Indictment*, Crim. Dkt. 1. The conspiracy was alleged to have begun on an unknown date but existing between the dates of January 2000 and April 8, 2008 within the Districts of Idaho and Nevada. *Id*. Flores engaged the services of Attorney Leslie Park of Las Vegas, Nevada, and local Attorney John Meienhofer.

On February 10, 2009, Flores entered a plea of guilty pursuant to a written Plea Agreement to Counts One and Fifteen as well as to the related forfeiture counts (Counts Sixteen and Seventeen). *Plea Agreement*, Crim. Dkt. 64; *Min. Entry*, Crim. Dkt. 66. As part of the Plea Agreement, Flores pleaded guilty to the charged offense of conspiracy to distribute/possess with intent to distribute 500 grams or more of methamphetamine. In return, the Government agreed to dismiss the remaining counts, to recommend a reduction for acceptance of responsibility, and to move the Court for a downward departure pursuant to USSG § 5K1.1 for substantial assistance. As part of the factual basis of the Plea Agreement, Flores specifically agreed that the amount of methamphetamine *involved in the conspiracy* was over 500 grams. *Plea Agreement*, ¶ III, p. 7 (emphasis added).

A Presentence Report was prepared finding a base offense level of 36, a 4-level increase for role in the offense based on leadership of the conspiracy, and a 3-level reduction for acceptance of responsibility yielding a total offense level of 37 which, with a criminal history category of I, yielded a guideline range of 210 to 262 months. .

**MEMORANDUM DECISION AND ORDER - 2**

On June 29, 2009, after granting a 4-level § 5K1.1 departure that reduced the guideline range to 135-168 months, the Court sentenced Flores to a term of imprisonment of 150 months on Counts One and Fifteen to be served concurrently. *Judgment*, Crim. Dkt. 91. Flores appealed claiming that the Court violated Federal Rule of Criminal Procedure 32(i)(3)(B) by applying the role enhancement without resolving the disputed matters contained in Flores' written objections to the Presentence Report. The Ninth Circuit affirmed the sentence stating that the Court "properly overruled Flores' objection to the leadership role enhancement as he did not raise any specific factual disputes that required resolution by the district court." *USCA Memorandum* at 2, Crim. Dkt. 117. Flores thereafter timely filed the pending § 2255 Motion.

## REVIEW OF § 2255 MOTION

Flores alleges ineffective assistance of counsel during the plea and sentencing phases of the underlying criminal proceeding. More specifically, Flores alleges that counsel was ineffective for two reasons: (1) for stipulating to a drug amount and corresponding base offense level that was not readily provable, and (2) for failing to raise specific factual disputes in the Presentence Report. Further, he alleges resulting prejudice in the form of a higher base offense level and the imposition of a 4-level role enhancement leading to a significantly higher sentence.

Accompanying its Response, the Government submitted an affidavit from Attorney Park explaining that Flores knew there was no basis to dispute the 500-gram threshold and that she had objected to the Presentence Report recommended role

**MEMORANDUM DECISION AND ORDER - 3**

enhancement. *Affidavit of Leslie Park*, ¶¶ 4-8, Civ. Dkt. 4-6. The Government contends that neither of Flores' attorneys was objectively unreasonable and that, in any event, Flores has not met his burden on the prejudice prong of the *Strickland* test. Thus, the Government urges dismissal of the § 2255 Motion. In his *Reply*, Flores does not rebut any of Attorney Park's statements. Rather he focuses on what he characterizes as "blame shifting." *Reply* at 2.

## STANDARDS OF LAW

**1.    28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

**MEMORANDUM DECISION AND ORDER - 4**

The Court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then determines under Rule 8 whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).

**2.    Ineffective Assistance of Counsel**

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U. S. 668 (1984). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Under the performance prong, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id*. at 689. This is so because for the defendant, "[i]t is all too tempting . . . to second-guess

**MEMORANDUM DECISION AND ORDER - 5**

counsel's assistance after conviction or adverse sentence. . . ." *Id.* For the court, "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (discussing *Strickland*).

In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The *Strickland* standard is "highly demanding." *Kimmelman v. Morrision,* 477 U.S. 365, 381-82; 386 (noting that the court should "assess counsel's overall performance throughout the case" when evaluating whether his assistance was reasonable).

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687).

## DISCUSSION

1. **Plea Stage**

    A. **Ineffective Assistance of Counsel Standard at Plea Stage**

    The Supreme Court has recognized that "[p]lea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks" of a plea. *Premo v. Moore*, 131 S.Ct. 733, 741 (2011). Considerations surrounding these strategic choices in the pre-trial context

"make strict adherence to the *Strickland* standard all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Id*.

The appropriate standard for determining prejudice in cases involving plea bargains is that the defendant must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Ninth Circuit has construed *Hill* to encompass prejudice claims that the defendant would have received a better plea bargain absent ineffective assistance of counsel. *See United States v. Baramdyka*, 95 F.3d 840, 846 (9th Cir. 1996). *See also Howard*, 381 F.3d at 882 (citing *Baramkyka*).

**B.     Analysis**

Flores reasons that his sentence would have been less had counsel not stipulated to a drug offense level of 500 grams or more given that only 497.65 grams (and only 160 grams of which was allegedly attributable to Flores) was seized. He argues that the agreed upon drug quantity was unsupported by the evidence and "unprovable." *§ 2255 Mem*. at 4.

Attorney Park stated that she made it clear to Flores that he was pleading guilty to conspiracy to distribute 500 grams or more, that he had no factual dispute that the amount involved in the conspiracy was more than 500 grams, that the Government was unwilling to dismiss the other counts unless he pleaded guilty to Count One as charged, and that Flores had admitted or disclosed that quantity of methamphetamine in the course of his debriefings with the Government in an attempt to receive a § 5K1.1 departure. *See Park*

**MEMORANDUM DECISION AND ORDER - 7**

*Aff.* ¶¶ 4-7. In his Reply, Flores contends that the Court must focus on Flores' conduct and not on Park's. He further contends that there were no co-defendants in the case and that therefore his § 5K1.1 cooperation "was simply to assist the Government in securing his own conviction." *Reply* at 2. Notably, Flores does not contest or rebut the statement in Attorney Park's affidavit that he admitted the quantity in his debriefings.

There are several misconceptions in Flores' argument. First, contrary to his allegation that there were no co-defendants, there were two, although charges against one were dismissed.

Second, a § 5K1.1 departure is not limited to assistance against co-defendants. Rather, the provision states, "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation *or* prosecution of *another person* who has committed an offense . . . ." USSG § 5K1.1 (emphasis added). *See also* § 5K1.1, comment. (n.2) ("Substantial assistance is directed to the investigation and prosecution of criminal activities by *persons other than the defendant*. . . .") (emphasis added). Accordingly, Flores' argument that counsel was objectively unreasonable in allowing Flores to admit to a higher quantity just to get a § 5K1.1 departure and that Flores was merely providing evidence against himself is not credible.

Third, Flores is comparing the 500 grams or more of methamphetamine *mixture* alleged in the Indictment and admitted in the Plea Agreement with the 497.65 grams of *actual* methamphetamine found by the Probation Officer. The guidelines differentiate between methamphetamine and actual methamphetamine:

**MEMORANDUM DECISION AND ORDER - 8**

> The quantities relating to "Methamphetamine" (as opposed to "Methamphetamine (actual)" . . . are based on the "entire weight of any mixture or substance containing a detectable amount of the controlled substance. § 2D1.1(c) n.(A). The quantities relating to "Methamphetamine (actual)" are based on the weight of actual methamphetamine – i.e., the total weight of the mixture, multiplied by the average purity." § 2D1.1(c) n. (B).

*United States v. Lee*, 725 F.3d 1159, 1166 (9th Cir. 2013). Whichever of the two weights provides the greater offense level is to be used when determining the guideline sentence. *See* USSG § 2D1.1 (c), § (B), Notes to Drug Quantity Table.

Flores appears to be stating that because 497.65 grams is less than the 500 grams or more to which he stipulated, his base offense level should have been 34 rather than 36:

> Instead [of objecting], counsel stipulated and agreed that the amount of methamphetamine involved was over 500 grams even though Flores' presentence investigation report (PSR) concluded that only 497.65 grams of methamphetamine was seized, of which only 160 grams is attributable to Flores. Consequently, the base offense level under the guidelines increased from 34-36 – a significant increase of 37 months.

*See § 2255 Mem.* at 7.

In reality, Flores' admission to conspiracy to distribute 500 grams or more of a methamphetamine mixture only exposed him to a base offense level of 32. *See* USSG § 2D1.1(c)(4) (offense level for at least 500 grams but less than 1.5 kilograms of methamphetamine is 32). It was the Probations Officer's conclusions based on his review of the Government's evidence and the Court's determinations under a preponderance of the evidence standard that raised the base offense level to 36 when the drug quantity was

**MEMORANDUM DECISION AND ORDER - 9**

converted from mixture to actual and certain estimations based on the evidence were made.

Finally, Flores also argues that only approximately 160 grams of methamphetamine was attributable to him. However, Flores pled guilty to a conspiracy, and he was accountable for quantities beyond those seized from his shipments:

> For purposes of sentencing, a conspirator is to be judged on the quantity of drugs that he reasonably foresaw or which fell within the scope of his particular agreement with the conspirator. *United States v. Garcia–Sanchez*, 189 F.3d 1143, 1147–48 (9th Cir.1999). The relevant sentencing guideline holds a conspirator accountable for "reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1)(B).

*United States v. Reed*, 575 F.3d 900, 925 (9th Cir. 2009).

Most dispositive of Flores' claim, however, is that he did not allege that but for counsel's error, he would have gone to trial or received a better plea bargain. *See Hill*, 474 U.S. at 59; *Baramdyka*, 95 F.3d at 846. Indeed, such a claim would be implausible. Going to trial over an alleged 2-level increase with the certain loss of a 3-level downward adjustment for acceptance of responsibility is simply not a believable option.

### B. Sentencing Stage

As stated above, Flores alleges ineffective assistance of counsel at the sentencing stage of the criminal proceedings based on counsel's failure to raise any specific factual disputes that required resolution by the Court which effectively denied Flores of

meaningful appellate review. However, Flores, in this conclusory allegation, does not identify what factual information counsel should have presented to create a dispute. Conclusory allegations are not sufficient to state a claim of ineffective assistance of counsel. *See Shah*, 878 F.2d at 1161.

The record reflects that counsel strenuously objected to the role enhancement on various grounds, including the unreliability of statements of a drug trafficking confidential informant; the unreliability of statements of a drug using, self-interested, immunized co-Defendant; ambiguous references to "business" and "secretary;" and lack of credibility of another individual who made a statement. *See generally Objections to Presentence Report*, Crim. Dkt. 75. What Flores overlooks is that the Presentence Report did not base the enhancement on those individuals' statements alone. It cited information gathered from numerous telephone conversations between an undercover police officer and Flores himself, and the Government had the benefit of Flores' cooperation. *See PSR* ¶¶ 17-23, Civ. Dkt.4-2; *Addendum*, Civ. Dkt. 4-3. Given the totality of the information before the Court, the Court found that the role enhancement "clearly" applied. *Sent. Tr.* at 4; 13-14; 17; 20. The Court's disagreement with defense counsel's position on the enhancement does not render counsel's performance deficient.

**CONCLUSION**

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). "[T]he *Strickland* standard must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011) (quoting *Strickland*, 466 U.S. at 689-90). Great deference should be used when judging an attorney's representation because "the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Id*.

Here, the record reflects that defense counsel's representation of Flores was objectively reasonable and secured not only an adjustment for acceptance of responsibility but also a § 5K1.1 departure for substantial assistance. Without those factors, Flores would have been facing a guideline range of 292-365 months.

**CERTIFICATE OF APPEALABILITY**

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2)

whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1] When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Slack,* 529 U.S. at 484; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's determination that counsel's performance was not constitutionally deficient to be debatable or wrong. Accordingly, a certificate of appealability will not issue.

## ORDER

**IT IS ORDERED:**

1. Ramiro Tony Flores's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ.Dkt. 1 and Crim. Dkt. 119) is **DENIED** and **DISMISSED** in its entirety.

2. No certificate of appealability shall issue. Flores is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

---

[1] The requirements for a certificate of appealability for a § 2255 appeal do not appear to differ from the requirements for a certificate of appealability for a § 2254 habeas petition related to a state conviction. *See United States v. Asrar*, 116 F.3d 1268 (9th Cir. 1997). Therefore, cases addressing the requirements in the context of a § 2254 proceeding are pertinent to a § 2255 proceeding as well.

**MEMORANDUM DECISION AND ORDER - 13**

3. If Flores files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: **August 13, 2014**

Honorable Edward J. Lodge
U. S. District Judge